UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

KMART CORPORATION,

    Plaintiff,

v.

DOW ROOFING SYSTEMS, LLC, et. al.,

    Defendants.

Civil No. 11-1310 (JAF)

**OPINION AND ORDER**

Plaintiffs brought the instant diversity suit with contract and tort claims arising out of an allegedly-defective roof installation. (Docket No. 1.) Codefendant Dow Roofing Systems ("Dow") moves to dismiss or, in the alternative, to stay Plaintiffs' claims pending arbitration. (Docket No. 10.) Plaintiffs oppose (Docket No. 17), and Dow replies (Docket No. 25). In addition, codefendant National Single-Ply Incorporated ("National") seeks to join Dow's motion. (Docket No. 31), which we permitted (Docket No. 32.) Plaintiff opposes the joinder (Docket No. 34), and National replies (Docket No. 39).

**I.**

**Factual Allegations**

We derive the following summary of the factual allegations from the complaint, pleadings, and exhibits. (Docket Nos. 1; 10-1; 21-2; 25-1; 25-2.) Plaintiff owns and operates a commercial property, "Kmart #3882." In late 2005, Plaintiff contracted with National, "a Stevens Authorized Roofing Applicator," for the installation of a single-ply membrane roof. After the roof was installed, Plaintiff signed a limited warranty contract ("the warranty") prepared by Stevens

Roofing Systems ("Stevens"), the manufacturer of the roofing materials. At that time, Stevens was a division of JPS Elastomerics ("JPS"). The warranty contained a clause providing that "[a]ny controversy or claim arising out of or relating to this document, or the breach thereof, shall be settled by arbitration . . . ." (Docket No. 10-1 at 4.) In 2008, Dow purchased the Stevens division of JPS; Dow is a party to this suit as JPS' successor-in-interest. (Docket Nos. 1 at 2; 25-1 at 1–2.) Plaintiff alleges that in April 2010, the roof of the store began to leak, and it "notified Dow, Stevens, and/or JPS of the leaks." (Docket No. 1 at 2.) Plaintiff alleges that Defendants' "failure to make timely and adequate repairs to the roof at Kmart #3882 only exacerbated the leaks and the damages. . . ." (Id.) Plaintiff also alleges that the roof was eventually replaced after great financial loss; and it filed the instant suit on April 1, 2011. (Id.)

## II.

## Standard for Motion to Compel Arbitration

We "treat a motion to dismiss based on an arbitration clause as a request to compel arbitration when the facts of the case make it clear that the party intended to invoke arbitration." Soto v. State Indus. Prods., 642 F.3d 67, 70 (1st Cir. 2011) (citing IOM Corp. v. Brown Forman Corp., 627 F.3d 440, 449 n.10 (1st Cir. 2010)). A party seeking to compel arbitration "must demonstrate 'that a valid agreement to arbitrate exists, that the movant is entitled to invoke the arbitration clause, that the other party is bound by that clause, and that the claim asserted comes within the clause's scope.'" Dialysis Access Ctr., LLC v. RMS Lifeline, Inc., 638 F.3d 367, 375 (1st Cir. 2011) (quoting InterGen N.V. v. Grina, 344 F.3d 134, 142 (1st Cir. 2003)). The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1–16, governs the enforcement of arbitration agreements and embodies a federal policy strongly favoring the enforcement of arbitration agreements, see,

e.g., Campbell v. Gen. Dynamics Gov't Sys. Corp., 407 F.3d 546, 551–52 (1st Cir. 2005) (discussing federal policy). Under the FAA, upon application of one of the parties, federal courts must stay any suit in which any issue is referable to arbitration under a written agreement. 9 U.S.C. § 3. If we grant a motion to compel arbitration, we must stay proceedings on all arbitrable claims. Id. "However, a court may dismiss, rather than stay, a case when all of the issues before the court are arbitrable." Bercovitch v. Baldwin Sch., 133 F.3d 141, 156 (1st Cir. 1998) (citations omitted).

**III.**

**Analysis**

Dow urges this court to stay this action pending arbitration or, in the alternative, to dismiss all claims. Plaintiff opposes. In addition, Plaintiff also opposes National's joinder of Dow's motion. We explore these arguments in turn and, for the reasons below, we grant Dow's motion and grant National's request for a stay of claims against it pending arbitration.

**A.     Compelling Arbitration**

In response to Dow's arguments, Plaintiff argues that Dow has failed to meet the second and fourth prongs of the test to compel arbitration. Specifically, Plaintiff argues that Dow has not shown entitlement to invoke the arbitration clause nor that the claims fall within the scope of the clause. We disagree.

**1.     Invocability**

Plaintiff argues that Dow cannot invoke the clause because it has failed to: Show that it is the successor-in-interest of Stevens, prove that the warranty was transferred to Dow, or submit the additional maintenance instructions referenced in the warranty (which contain the conditions

of transferability). These arguments fall flat. As noted in Plaintiff's complaint, Dow "does business as or has acquired Stevens Roofing Systems and/or JPS Elastomerics." (Docket No. 1 at 2.) Moreover, Dow has submitted the sworn declaration of Steven Moskowitz, vice-president of Dow's Technical and Warranty Services, stating that Dow is the successor-in-interest of JPS, from which it purchased the Stevens division on June 10, 2008, through an asset purchase agreement, in which Dow assumed the JPS' liabilities with respect to Stevens products sold before the closing date of the agreement. (Docket Nos. 21-2; 25-1.) Finally, Dow has submitted a copy of the maintenance instructions, which do not prohibit a transfer of warranty liabilities by JPS (because the situation contemplated in the instructions involves a transfer of warranty by the purchaser, not JPS).

Next, Plaintiff argues that the limited warranty should be construed in Plaintiff's favor since it is an adhesion contract. Although we agree that the warranty is a textbook adhesion contract, this fact alone cannot assist Plaintiff in avoiding arbitration. See Kristian. v. Comcast Corp., 446 F.3d 25, 35 (1st Cir. 2006) ("Where the federal policy favoring arbitration is in tension with the tenet of contra proferentem for adhesion contracts, and there is a scope question at issue, the federal policy favoring arbitration trumps the state contract law tenet.").

**2.    Scope**

We reject Plaintiff's argument that its claims do not fall within the scope of the arbitration clause because they are not related to the limited warranty and because Plaintiff does not seek damages for a breach of the limited warranty. We disagree. The limited warranty's arbitration clause explicitly covers a vast swath of scenarios: "Any controversy or claim arising out of or relating to this document, or the breach thereof, shall be settled by arbitration . . . ." (Docket

No. 10-1 at 4 (emphasis added).)  The controlling caselaw is clear; we "must construe liberally the agreement when considering whether a certain claim falls within the realm of clearly arbitrable claims."  Dialysis Access Ctr., 638 F.3d at 382 n.14 (citing United Steelworkers of Am. v. Warrior & Gulf Nav. Co., 363 U.S. 574, 582–83 (1960)).  "In sum, we see no basis for departing from the general principle that all doubts be resolved in favor of arbitration."  Mun. of San Juan v. Corporacion para el Fomento Economico de la Ciudad Capital, 415 F.3d 145, 151 (1st Cir. 2005).  Plaintiff's claims against Dow (formerly JPS and Stevens) arise from roof-related woes, and the limited warranty's arbitration clause controls.

**B.     National**

National joins Dow's motion for stay or dismissal, arguing that all of Plaintiff's claims arising from the installation of the roof fall within the scope of the arbitration clause.  We agree that all of Plaintiff's claims against Dow fall within the scope of the arbitration clause.  Plaintiff argues that we cannot compel Plaintiff to arbitrate its claims against National because National was not a party to the agreement nor a successor-in-interest, but Plaintiff need not worry about this.  The Supreme Court "has determined that 'arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.'"  Howsam v. Dean Witter Reynolds, 537 U.S. 79, 83 (2002) (citing Steelworkers v. Warrior & Gulf Nav. Co., 363 U.S. at 582).  We will not compel Plaintiff into arbitration with National.

Nor will we dismiss claims against National, but we will grant a stay of claims, noting that "arbitration can go forward while the proceeding against [National] here is stayed without prejudice" to Plaintiff.  Spencer Furniture, Inc. v. Media Arts Group, 349 F. Supp. 2d 49, 52–53

(D. Mass. 2003) (finding that "claims asserted . . . arise from the same operative facts," are asserted against the same two defendants, and are "thus inseparable").

**C.     Dismissal**

Dow urges us to dismiss all arbitrable claims. We will compel arbitration between Dow and Plaintiff and dismiss Plaintiff's claims as against Dow (f/k/a Stevens) and JPS. Bercovitch, 133 F.3d at 156. Plaintiff's other claims remain for adjudication, but will be stayed pending the resolution of arbitration.

## IV.

## Conclusion

Given the foregoing, we **GRANT** Dow's motion. (Docket No. 10.) We are satisfied that Plaintiff's claims against Dow are subject to the valid arbitration agreement and hereby **DISMISS** Plaintiff's claims against Dow, JPS, and Stevens, without prejudice to filing Plaintiffs' claims arising under Puerto Rico law in Commonwealth courts. We **GRANT IN PART** National's motion (Docket No. 31), and hereby **STAY** the rest of Plaintiff's claims pending arbitration, reserving jurisdiction to enforce any arbitration award. While arbitration progresses, and we wait for the arbitration result, this case will be considered closed for administrative purposes.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 21st day of March, 2012.

s/José Antonio Fusté
JOSE ANTONIO FUSTE
U.S. District Judge